UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-255-KKC

CON-WAY FREIGHT, INC. and
CONSTITUTION STATE SERVICES, LLC,                         PLAINTIFFS

v.        **OPINION AND ORDER**

BROWN TRANSPORT, INC., et al.,                            DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on a Motion Dismiss Pursuant to Fed.R. Civ. P. 12(b)(6) filed by Defendants Deep South Surplus of Ohio ("Deep South") and Clarendon National Insurance Company ("Clarendon"). [ R.14]. For reasons stated below, the motion will be granted.

This case arises from a motor-vehicle accident that occurred on June 14, 2004 in Laurel County, Kentucky. James Bennett, an employee of Brown Transport, was driving a truck on Interstate 75 when the allegedly struck a truck being driven by Leonard Bourdeau, an employee of Con-Way Freight. Bordeau was injured in the accident and as a result received workers' compensation benefits from Con-Way through it's workers' compensation insurer, Constitution State Services. Later, in June 2006, Con-Way filed the present lawsuit against the alleged tortfeasor and his employer. Additionally, Con-Way named Brown Transport's liability insurance carrier, Clarendon, along with its third party administrator, Deep South. Plaintiff seeks reimbursement for past and future workers' compensation benefits provided to

Bourdeau based on KRS 342.700.  No other legal theory is advanced against Deep South or Clarendon.

### Standard of Review

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept all of Plaintiff's factual allegations as true and construe the Complaint in the light most favorable to the non-moving party.  *Meodar v. Cabinet for Human Resources*, 902 F.2d 474 (6th Cir. 1990).  Dismissal is proper only if no relief can be granted under any set of facts that could be proved consistent with the allegations.  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

### Analysis

While federal courts sitting in diversity jurisdiction must apply federal procedural rules, they must generally apply the substantive law of the forum state.  *Ghafer v. Ford Motor Company*, 328 F.3d 859 (6th Cir. 2003).  Here, Con-Way seeks reimbursement for benefits it provided to its employee under Kentucky's Workers' Compensation Act, which permits an employer or its insurer to seek reimbursement for benefits provided to an employee injured by a third party.   KRS 342.001 et seq.  However, in Kentucky, it has long been held that direct actions against insurance companies are generally prohibited and in any event cannot be maintained until after a judgment fixing liability against their insured has been entered.  *Ford v. Ratliff*, 183 S.W.3d 199, 203 (Ky.App.2006); *Cuppy v. General Accident fire & Life Assurance Corporation*, 378 S.W. 2d 629 (Ky.App. 1964); *Kentucky Hospital Trust Association v. Chicago Insurance Company* 978 S.W. 2d 754, 755-56 (Ky. App. 1998).  Here, there is

2

no judgment against Clarendon's insureds, Bennett or Brown Transport. Moreover, there are no facts alleged in the complaint that would give rise to any kind of independent direct action such as a bad faith action against Clarendon or Deep South.[1] Accordingly, Plaintiff's claims against Clarendon and Deep South must be dismissed.

WHEREFORE, the Motion to Dismiss is GRANTED and all plaintiffs claims against Clarendon and Deep South are hereby dismissed.

Dated this 26th day of October, 2006.

**Signed By:**
*Karen K. Caldwell*  KKC
**United States District Judge**

---

[1] Should Plaintiffs prove the factual allegations in their Complaint and obtain a judgment against Bennett and Brown Transport, then and only then would a duty to indemnify arise.